**Gregory Robert MARLOR,**
**Plaintiff—Appellant,**

v.

**MADISON COUNTY IDAHO, a political subdivision of the State of Idaho, Defendant—Appellee.**

No. 01–35966.

D.C. No. CV–99–00593–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM *

Gregory Robert Marlor ("Marlor") appeals the district court's order granting Madison County, Idaho ("the County") summary judgment on Marlor's claims un-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

der the Americans With Disabilities Act ("ADA"), the Rehabilitation Act, and state negligence law. We review a grant of summary judgment de novo. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### 1. The ADA Claim

Marlor claims the County Jail's failure to provide him medical equipment, i.e., rubber crutch tips, violated the ADA. To set forth an ADA claim, Marlor bears the burden of establishing he was excluded from participating in the jail's programs or activities "by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.2002); *see also Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir.1999).

■ Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability. *See Bryant v. Madigan*, 84 F.3d 246, 248–49 (7th Cir.1996); *McNally v. Prison Health Servs.*, 46 F. Supp 2d. 49, 58–59 (D.Me.1999) (finding the plaintiff stated an ADA claim by alleging the jail "discriminated against [him] because of his [disability], not by providing him with inadequate care, but by denying him immediate access to prescribed medications, a service provided to detainees in need of prescriptions for other illnesses"). Marlor offered no comparison with other inmates' medical care to demonstrate that he was denied access to medical supplies or treated differently *by reason of* his disability.

In addition, the only evidence Marlor offered that he was denied access to the jail's programs or activities is that he fell in the shower one time and did not go "out to rec ... as much." These statements are not sufficient support for his claim that he was denied meaningful participation in jail programs or activities. Marlor used the shower facilities, took advantage of visiting privileges, accessed the library and, at times, participated in recreation. Relief is not available to Marlor under the ADA because he failed to raise a genuine issue of material fact that he was denied crutch tips or access to the jail's programs or activities because of his disability.

### 2. The Rehabilitation Act Claim

Under the Rehabilitation Act, Marlor is required to show that the County Jail, "the program providing the benefit or services[,] receives federal financial assistance." *Lovell*, 303 F.3d at 1052. Marlor's claim that the Rehabilitation Act does not require federal funding is without merit. The Department of Justice summary Marlor relies on to support this claim specifically states that the regulation adopted "implements subtitle A of title II of the *Americans with Disabilities Act,*" not the Rehabilitation Act. 56 Fed.Reg. 35694 (July 26, 1991) (emphasis added).

Marlor has failed to meet the federal funding requirement of the Rehabilitation Act because he has not demonstrated that the County Jail receives federal financial assistance. *See Lovell*, 303 F.3d at 1051 ("The term 'program or activity' ... does not encompass all the activities of the State. Instead, it only covers all the activities of the department or the agency receiving federal funds."). Accordingly, the district court properly granted the County summary judgment on Marlor's Rehabilitation Act claim.

### 3. Negligence Claims

■ Marlor also alleges a statutory negligence claim based on Idaho Code section 20–612 and a common law negligence claim.[1] The County is eligible for immuni-

---

1. Idaho Code section 20–612 allocates costs for inmates' medical care and other expenses.

The court expresses no opinion on whether this statute creates a basis for a statutory

ty under Idaho Code section 6–904B, which provides, in relevant part, that government employees acting without malice or criminal intent *and* without at least gross negligence "shall not be liable for any claim which ... [a]rises out of any act or omission providing or failing to provide medical care" to a County Jail inmate.

Marlor's crutches were prescribed by his doctor. Crutches and their accessories are part of the treatment for Marlor's medical condition, paraplegia. Section 6–904B applies to this type of "medical care" as well as to the County's alleged failure to provide proper medical attention, physical therapy, and prescriptions following Marlor's shower fall.

Marlor has not presented facts demonstrating that County employees acted with malice *and* at least gross negligence. Marlor claims he "requested rubber end tips, of more than seven individuals, on more than seven to ten occasions," and the County took no action to correct the situation. These claims are not sufficient to demonstrate jail personnel intentionally committed a wrongful act with "ill will" and a "deliberate indifference to the harmful consequences" to Marlor, which is necessary to establish malice and gross negligence. *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171, 183 (1986) (defining "malice" to include "ill will"); *S. Griffin Constr., Inc. v. City of Lewiston*, 135 Idaho 181, 16 P.3d 278, 286 (2000) (defining "gross negligence" as acting with "a deliberate indifference to the harmful consequences of others"). Summary judgment on the negligence claims is proper because Marlor failed to meet the requirements of Idaho Code section 6–904B to bring an action against the County.

### 4. ADA Compliance

Marlor claims the County Jail's shower was not ADA compliant. The County's expert, William Lynn, inspected the jail's shower seven times between February, 1998, and October, 2000, and found it "ADA compliant because it has adequate drainage, slip resistant floor tile, wheelchair access, and adequate seats and grab bars."

Marlor's expert, Scott Kimbrough, does not dispute Lynn's opinion that the shower is ADA complaint. Kimbrough notes the shower "may have passed ADA inspections performed by Mr. Lynn," but alleges that "the failure to provide rubber end pieces for crutches would cause slippage on the concrete surface of the jail and shower areas." Kimbrough's assertion that jail personnel had "control over Marlor's actions" and "let the situation continue until a predictable slip and fall accident occurred" is irrelevant. The Magistrate correctly noted that the "general claim of 'jail standards' involves the jail facility itself, and not the conduct of the jail personnel." Summary judgment for the County is appropriate because no genuine issue of material fact exists regarding the shower's compliance with ADA standards.

AFFIRMED.

negligence action under Idaho law. We assume only for the purpose of discussing immunity under Idaho Code section 6–904B that it does provide a cause of action.